# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 30, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

139996-7

ERNEST HORVATH,
   Plaintiff-Appellee,

v

DON JOHNSON and SUBURBAN
MOBILITY AUTHORITY FOR REGIONAL
TRANSPORTATION, d/b/a SMART,
   Defendants-Appellants.
_____/

SC: 139996-7
COA: 283931, 284842
Wayne CC: 07-713287-NI

On November 5, 2010, the Court heard oral argument on the application for leave to appeal the August 18, 2009 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J. (*dissenting*).

I would reverse the judgment of the Court of Appeals and remand for entry of judgment for defendants. By denying leave to appeal, the Court declines to correct the distortion of a statute that requires notice of lawsuits, threatening the fiscal viability of taxpayer-funded transportation authorities that serve our state's citizens.

MCL 124.419 requires written notice of a tort claim within 60 days of the occurrence. Because plaintiff did not provide a timely notice, his case should be dismissed. But rather than apply this straightforward law, the lower courts transformed plaintiff's application for first-party *no-fault* benefits into a fictitious notice of a separate *fault*-based lawsuit. As a result, publicly funded transportation authorities in Michigan serving millions of passengers a year now must anticipate a *fault*-based lawsuit every time they receive a *no-fault* claim. Scarce public funds will now go to investigating every routine no-fault case where a passenger slips, trips, falls, or bumps himself on or near a public bus to determine if the agency should reserve funds for a separate *fault*-based lawsuit. Michigan taxpayers will ultimately pay the price for this new upside-down world of "no-fault means fault."

## I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

Plaintiff caught his left foot in a closing bus door. He applied for first-party no-fault benefits with defendant's claims administrator within 60 days of the occurrence. More than 60 days after the occurrence, plaintiff's attorney sent a letter to the claims administrator saying that he was investigating the accident, but the letter did not assert a tort claim. The first notice of a tort claim came when plaintiff filed this lawsuit against

the bus driver and the transportation agency, the Suburban Mobility Authority For Regional Transportation (SMART), nearly six months after his injury.

Defendants sought summary disposition for lack of the notice required by MCL 124.419. The trial court denied the motion, opining that plaintiff's no-fault application was a timely notice of his tort claim. The Court of Appeals affirmed,[1] stating:

> . . . [The language of MCL 124.419] clearly does not delineate between notice of a claim for first-party no-fault benefits and notice of a third-party tort claim. As stated above, MCL 124.419 requires, quite simply "written notice[.]" Furthermore, our holding is consistent with the purpose of the notice provision in MCL 124.419, which, based on the language of the statute itself, is to apprise a common carrier that a claim is being asserted against it based upon injuries to a person or property. Plaintiff's application for no-fault benefits provided the date, time and location of the accident and described the accident, plaintiff's fall and the injuries plaintiff sustained in the fall. While the application for no-fault benefits did not specifically mention a third-party tort claim, such specific notice is not required by the plain language of MCL 124.419, and the information contained in plaintiff's application for first-party no-fault benefits was sufficient to apprise defendants that a claim was being asserted against them based upon injuries plaintiff sustained when [the bus driver] closed the bus door on plaintiff's left foot. The trial court properly concluded that the application for first-party no-fault benefits that plaintiff submitted to defendant SMART's claims administrator satisfied the notice provision in MCL 124.419. [Slip op, p 5 (footnote omitted).]

Defendants applied for leave to appeal in this Court. We heard oral argument on the application.

## II. ANALYSIS

Plaintiff failed to file the statutorily required written notice within 60 days of the occurrence. His timely application for first-party no-fault benefits was not a written notice of his third-party tort claim.

MCL 124.419 states:

> All claims that may arise in connection with the transportation authority shall be presented as ordinary claims against a common carrier of

---

[1] Unpublished opinion per curiam, issued August 18, 2009 (Docket No. 283931, 284842).

passengers for hire: *Provided, That written notice of any claim based upon injury to persons or property shall be served upon the authority no later than 60 days from the occurrence through which such injury is sustained* and the disposition thereof shall rest in the discretion of the authority and all claims that may be allowed and final judgment obtained shall be liquidated from funds of the authority: Provided, further, That only the courts situated in the counties in which the authority principally carries on its function are the proper counties in which to commence and try action against the authority. [Emphasis added.]

The meaning of this provision is clear: a plaintiff must serve "written notice of any claim" on the authority within 60 days of the occurrence giving rise to the injury. Plaintiff did not serve a written notice of his tort claim within 60 days. Summary disposition for defendants is thus proper.

The lower courts essentially rewrote the statutory text to say that notice of *any* claim provides notice of *any other* claim. That is not what the statute says. It requires "written notice of any claim." That is, a plaintiff must give the authority, within 60 days, written notice of any claim that the plaintiff intends to pursue. The statute does *not* say that written notice of one claim suffices to provide notice of any other claim the plaintiff might assert. Thus, an application for first-party no-fault benefits does not give notice of a third-party tort claim.

Nor does the statute say that notice of the occurrence is good enough; it requires written notice *of the claim itself.* A "claim" is "a demand for something as due; an assertion of a right or an alleged right." Random House Webster's College Dictionary (2000). A claim is not merely an occurrence; it is a demand for payment that the plaintiff thinks is due as a result of that occurrence.

Quite simply, plaintiff's application for no-fault benefits was not a demand for payment of a third-party tort claim. The application did not demand payment for a tort claim or assert any right or alleged right to such payment. The application merely described the incident and injuries and sought payment of first-party benefits under Michigan's no-fault insurance law. Such an application does not assert rights or demand

payment under fault-based tort law, nor does it allege the elements necessary to make out a tort claim.

Nonetheless, the decision here means that a Michigan transportation authority now must plan for a possible *fault-based* lawsuit every time it receives a *no-fault* application. What are the practical financial consequences to our publicly funded transportation system? In fiscal 2009, SMART buses drove over 16 million miles with nearly 13 million riders. With this volume of service, mishaps and injuries inevitably occur. Our no-fault system was designed to compensate injured persons while minimizing litigation costs. But now, every application for no-fault benefits sent to a transportation authority opens up a new universe of fault-based investigations. An authority must figure out, at taxpayer expense, (1) what happened, (2) who, if anyone, is at fault under governing legal standards, and (3) whether any injuries exceed the no-fault threshold.

Although most no-fault claims may not result in fault-based litigation, these additional fault-based investigations will now be necessary in our new pretend, "no-fault means fault" world. That is because a transportation authority will not know how much money to reserve for impending lawsuits without determining whether each no-fault application it receives is likely to become a judicially transmogrified notice of a fault claim that was not asserted in the real world.

Accordingly, I would reverse the judgment of the Court of Appeals and remand for entry of judgment for defendants. The plain language of MCL 124.419 requires written notice of "any claim" within 60 days. Because plaintiff did not provide written notice of his third-party tort claim within 60 days, this case should be dismissed for lack of notice.

MARKMAN, J., joins the statement of CORRIGAN, J.

MARKMAN, J. (*dissenting*).

Although I appreciate that the notice provision at issue may sometimes require a plaintiff to draw a difficult legal distinction, I nonetheless agree with the analysis set forth by Justice CORRIGAN, and therefore join her dissent. Not only does her dissent give proper effect to the language of the statute, but it also makes clear the inevitable costs to taxpayers of the majority's interpretation. The notice provision would better have been drafted to apprise ordinary persons more clearly of their obligations under the law. Nonetheless, as Justice CORRIGAN demonstrates, the provision is sufficiently clear as to what is required, and further relief should properly come from the legislature, not from this Court through allowing the misconstruction of statutory language.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 30, 2010

_____
Clerk